UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIKOLAS K. KALLAS,

      Plaintiff,

    v.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

_____/

Case No. 20-11401

Hon. George Caram Steeh

ORDER ADOPTING REPORT
AND RECOMMENDATION (ECF NO. 32)

In this action for social security benefits, Magistrate Judge Patricia T.
Morris issued a report and recommendation proposing that the court grant
summary judgment in favor of the Commissioner. Appearing pro se,
Plaintiff Nikolas K. Kallas has submitted objections, to which the
Commissioner has responded.

STANDARD OF REVIEW

With respect to reports and recommendations from magistrate
judges, this court "shall make a de novo determination of those portions of
the report or specified proposed findings or recommendations to which
objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject

-1-

or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

When reviewing a case under the Social Security Act, the district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation omitted). "The substantial-evidence standard is met if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("[T]he threshold for such evidentiary sufficiency is not high."). "When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Further, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial

-2-

evidence in the record that would have supported an opposite conclusion."

*Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

<u>ANALYSIS</u>

Plaintiff claims that he is disabled based upon the following impairments: degenerative disc disease of the lumbar spine, degenerative joint disease of the left shoulder, generalized anxiety disorder with depressed mood, and a history of traumatic brain injury. After a hearing, the ALJ determined that Plaintiff has the residual functional capacity to engage in light work and that he is not disabled. The magistrate judge concluded that the ALJ's decision is supported by substantial evidence.

Plaintiff asserts three objections to the magistrate judge's recommendation. With respect to the first two, Plaintiff argues that medical records or evaluations regarding his traumatic brain injury were incomplete. However, Plaintiff's counsel appeared at the administrative hearing and indicated that they were not waiting for additional records. ECF No. 25 at PageID 845. Further, Plaintiff has not articulated how the missing records or incomplete evaluations should change the ALJ's determination of non-disability, or the magistrate's finding that the ALJ's decision was supported by substantial evidence. Based upon this lack of specificity, the court is unable to determine that the magistrate judge erred. *See Zimmerman v.*

*Cason*, 354 Fed. Appx. 228, 230 (6th Cir. 2009) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

As for Plaintiff's third objection, he appears to argue that his diagnosis of traumatic brain injury is a severe impairment that meets Listing 11.18, because he had symptoms for at least three consecutive months after his injury. The magistrate judge thoroughly explained the reasons why Plaintiff has not demonstrated a substantial question as to whether he met or medically equaled Listing 11.18. ECF No. 32 at PageID 1496-1502. Among other reasons, the magistrate judge noted that a diagnosis of traumatic brain injury, in itself, is insufficient to demonstrate disability. *Id.* at PageID 1501. Plaintiff has not identified how the magistrate judge erred in her analysis.

Having reviewed the record, the court agrees with the magistrate judge's comprehensive analysis and conclusions. IT IS HEREBY ORDERED that Plaintiff's objections are OVERRULED, the decision of the Commissioner is AFFIRMED, and the report and recommendation (ECF No. 32) is ADOPTED as the order of the court.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment (ECF No. 21) is DENIED and the Commissioner's motion for summary judgment (ECF No. 24) is GRANTED.

Dated:  October 28, 2022

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 28, 2022, by electronic and/or ordinary mail and also on Nikolas K. Kallas, 35339 23 Mile Rd.. Unit No. 446, New Baltimore, MI 48047.

s/Brianna Sauve
Deputy Clerk